## 30537. KAYLOR v. KAYLOR et al.

GUNTER, Justice.

The widow and son of the testator are the executors of his estate under his will. They brought an action below for declaratory judgment in their capacity as executors against themselves as individuals. Under the terms of the will they, as individuals, take the entire estate of the deceased.

The action was obviously brought in the trial court and appealed to this court for the purpose of securing a judicial determination as to how the estate should be distributed between the widow and the son. Also, it is obvious that such a judicial determination is desired solely for estate tax purposes.

The will bequeathed and devised to the widow one-half of the estate, to be determined by a prescribed formula, "to be selected by her out of personal property." The rest of the estate went to the son as trustee for specified uses and purposes during the life of the widow and to the son in fee simple upon termination of the trust.

The problem was that the personal property of the estate was not of sufficient value to equal one-half of the estate as determined by the formula contained in the will. So the question was: Does the widow receive all of the personalty plus enough of the realty so that her part of the estate will equal one-half of it as determined by the formula contained in the will?

Paragraphs 6 and 7 of the complaint brought by the widow and son in their capacity as executors against themselves as individuals stated:

"6. Petitioners will show the court that they have construed the Will as a whole to divide 'one-half' of the testator's estate to his wife, Mary Battle Kaylor, which 'one-half' is the allowable marital deduction to the wife under the Internal Revenue Code.

"7. That a question has arisen regarding the language contained in paragraph 2 as the Internal Revenue Service has indicated it is limiting language in nature which would limit the marital deduction to satisfaction out of 'personal property.' "

A mere reading of the complaint below shows clearly

that there is no justiciable controversy between the plaintiffs as executors and the defendants as individuals and beneficiaries under the will. The actual adverse party is the United States (Internal Revenue Service), and it is not a party or represented in this action.

Our declaratory judgment statutes provide that there must be an actual or justiciable controversy between adverse parties before they can be invoked. Code Ann. § 110-1101. When a complaint for declaratory judgment shows upon its face, as this one does, that there is no actual or justiciable controversy between adverse parties, a trial court does not have jurisdiction to render a declaratory judgment.

In *Rowen v. Herring,* 214 Ga. 370 (105 SE2d 29) (1958), this court said: "There must exist an actual controversy as to the questions arising out of the administration of the estate, or disputed questions necessitating a construction of the will." Pp. 373, 374.

In the case at bar the complaint shows that there is no actual or justiciable controversy between the plaintiffs as executors and the defendants as individuals. They are in agreement as to the construction of the will, and there is no other beneficiary or claimant under the will to contest their construction of it. The defendants as individuals did not even file responsive pleadings. They merely acknowledged service of the complaint for declaratory judgment and consented "for the court to enter its decree upon this matter without further notice."

The trial judge then, being assured that there was no controversy, entered a judgment construing the will as the plaintiff executors and the defendant beneficiaries wanted it construed.

An actual or justiciable controversy was not present in this alleged litigation, and the trial court was without jurisdiction to enter a judgment. This being so, the judgment must be set aside as nugatory.

The judgment below is vacated, but it is vacated without prejudice, that is, the vacation of the judgment shall not bar a new action stating an actual or a justiciable controversy between adverse parties.

*Judgment vacated. All the Justices concur, except Jordan, J., who concurs in the judgment only.*

SUBMITTED NOVEMBER 25, 1975 — DECIDED MAY 5, 1976.

*Crisp & Oxford, Henry L. Crisp,* for appellant.
*Smith & Jones, William E. Smith,* for appellees.