## 53964, 53965. LOYD v. CITY OF IRWINTON (two cases).

BANKE, Judge.

The appellant and the appellee-city own adjacent parcels of land, the common landline of which is in dispute. The appellee petitioned for a declaratory judgment as to the proper boundary line, and judgment was entered in its favor. The appellant appeals from the declaratory judgment and the denial of his motion to reconsider.

1. The pleadings and evidence indicate that the appellant had structures encroaching upon the contested strip of land and that the appellee was in the process of building a city hall complex on its tract. In its petition, the appellee alleged the existence of an "actual controversy" and the need for relief from uncertainty and insecurity. However, there was no allegation of danger to the appellee. Nor was there any evidence that the appellee was in danger of repudiating any of its obligations or suffering a violation of its rights in the absence of a declaratory judgment.

"Although the realm wherein there is uncertainty in leases and real-estate grants is one which lends itself to the jurisdiction of the court in its declaratory judgment powers (*Felton v. Chandler,* 75 Ga. App. 354, 43 SE2d 742; *Bond v. Ray,* 83 Ga. App. 817, 65 SE2d 30; *Wright v. Kelly,* 212 Ga. 769, 95 SE2d 688; *Brown v. Mathis,* 201 Ga. 740, 41 SE2d 137; *Greene v. Golucke,* 202 Ga. 494, 43 SE2d 497), yet the basis for a declaratory judgment is not established by a simple showing of uncertainty or ambiguity in a grant involving real estate." *Moore v. Young,* 101 Ga. App. 553, 554 (114 SE2d 446) (1960).

A declaratory judgment may not be granted in the absence of a justiciable controversy. *Kaylor v. Kaylor,* 236 Ga. 777 (225 SE2d 320) (1976); *Hatcher v. Ga. Farm Bureau Mut. Ins. Co.,* 112 Ga. App. 711 (3) (146 SE2d 535) (1965); see *Calvary Independent Baptist Church v. City of Rome,* 208 Ga. 312 (66 SE2d 726) (1951). "The object of the declaratory judgment is to permit determination of a controversy before obligations are repudiated or rights are violated. As many times pointed out by this court, its

purpose is to permit one who is walking in the dark to ascertain where he is and where he is going, to turn on the light before he steps rather than after he has stepped in a hole. 7 Ga. Bar Journal, p. 132; *Venable v. Dallas,* 212 Ga. 595 (94 SE2d 416)." *Rowan v. Herring,* 214 Ga. 370, 374 (105 SE2d 29) (1958).

*State Hwy. Dept. v. Williams Lbr. Co.,* 222 Ga. 23 (148 SE2d 426) (1966), which the appellee cites in support of its position, is distinguished from the case at bar. In *Williams,* the petitioner desired to build improvements on the contested property, thus showing a clear need to have "the lights turned on" before it acted.

2. Because of our holding in Division 1 of this opinion, it is unnecessary to reach the appellant's other enumerations of error.

*Judgment reversed. Quillian, P. J., and Shulman, J., concur.*

ARGUED JUNE 8, 1977 — DECIDED
JUNE 23, 1977.

*Eva L. Sloan,* for appellant.
*Boone, Scott & Boone, Joseph A. Boone,* for appellee.