74406. OXFORD FINANCE COMPANIES, INC. v. DENNIS.
(363 SE2d 614)

CARLEY, Judge.

Appellant-plaintiff filed a petition for declaratory judgment, naming appellee as the defendant in the action. Appellee filed no answer. Appellee merely filed a written "consent that all the issues raised in the above and foregoing case shall be finally tried and determined . . . by the court without a jury, right to trial by jury being specifically waived." The trial court conducted a bench trial and entered judgment on the merits in favor of appellee. Appellant appeals from the declaratory judgment entered by the trial court.

OCGA § 9-4-2 (c) provides that a "[r]elief by declaratory judgment shall be available, notwithstanding the fact that the complaining party has any other adequate legal or equitable remedy or remedies." However, it has been held that this provision "does not mean that a declaratory judgment [action] will lie to have just any justiciable controversy decided." *Reliance Ins. Co. v. Brooks Lumber Co.*, 101 Ga. App. 620, 621 (115 SE2d 271) (1960). "[T]he plaintiff must show facts or circumstances whereby it is in a position of uncertainty or insecurity because of a dispute and of having to take some future action which is properly incident to its alleged right, and which future action without direction from the court might reasonably jeopardize its interest." *Phoenix Assur. Co. v. Glens Falls Ins. Co.*, 101 Ga. App. 530, 532-533 (114 SE2d 389) (1960). "A declaratory judgment may not be granted in the absence of a justiciable controversy. [Cits.] 'The object of the declaratory judgment is to permit determination of a controversy *before* obligations are repudiated or rights are violated. As many times pointed out by this court, its purpose is to permit one who is walking in the dark to ascertain where he is and where he is going, to turn on the light *before* he steps rather than after he has stepped in a hole. [Cits.]' [Cit.]" (Emphasis supplied.) *Loyd v. City of Irwinton*, 142 Ga. App. 626-627 (1) (236 SE2d 889) (1977).

Although there was clearly an actual controversy between the parties which was ripe for adjudication, appellant's petition shows on its face that, as between appellant and appellee, all possible rights had already accrued and all possible obligations had long since attached. What appellee and appellant were seeking, in effect, was an advisory opinion from the trial court as to which of them would succeed on the merits should past events ever result in an action at law or in equity being filed by one of them against the other. " 'The Geor-

gia Declaratory Judgments Act makes no provision for a declaratory judgment which is merely advisory.' [Cits.]" *Hudgens v. Local 315 Retail &c. Store Union, AFL-CIO*, 133 Ga. App. 329, 331 (210 SE2d 821) (1974). "Our declaratory judgment statutes provide that there must be an actual or justiciable controversy between adverse parties before they can be invoked. [Cit.] When a complaint for declaratory judgment shows upon its face, as this one does, that there is no actual or justiciable controversy between adverse parties, a trial court does not have jurisdiction to render a declaratory judgment. . . . An actual or justiciable controversy was not present in this alleged litigation, and the trial court was without jurisdiction to enter a judgment. This being so, the judgment must be set aside as nugatory." *Kaylor v. Kaylor*, 236 Ga. 777-778 (225 SE2d 318) (1976). Accordingly, here, as in *Kaylor v. Kaylor*, supra, the judgment below must be vacated. As appellant failed to demonstrate that it was in need of any direction from the court with respect to future conduct on its part which might increase its liability or otherwise affect its interests, the trial court erroneously entered an advisory declaratory judgment which held, in effect, that, should the accrued rights and obligations at issue result in future litigation, then appellee would prevail on the merits.

*Judgment vacated. Benham, J., concurs. Banke, P. J., concurs in judgment only.*

DECIDED DECEMBER 3, 1987.

*G. L. Dickens, Jr.*, for appellant.
*Jesse Copelan, Jr.*, for appellee.