## 77482. TOWN OF THUNDERBOLT v. RIVER CROSSING APARTMENTS, LTD.
## 77483. TOWN OF THUNDERBOLT v. HENDRIX et al.
### (377 SE2d 12)

DEEN, Presiding Judge.

The Town of Thunderbolt notified appellees that they had been underbilled for water and services in the amount of $35,000 and $31,700 respectively because of a miscalculation by the town's computer, beginning in October of 1983. The town met with appellees on at least two occasions in an effort to work out a repayment schedule. When appellees refused to pay the arrearage, the town threatened to discontinue future water service to appellees' tenants. On July 2, 1987, appellees filed complaints seeking a declaratory judgment and injunctive relief asking the Court to declare that the town is estopped as a matter of equity and law from asserting any claim for arrearage due to underbilling as a result of its own negligence, mistake, and fraud, and that it be restrained and enjoined temporarily and permanently from discontinuing water and sewer service to appellees' tenants.

Although the appellate record is silent, the trial court apparently granted a temporary restraining order prohibiting the town from shutting off the water supply to appellees' tenants and scheduled a hearing on the petitions for declaratory judgment.

On October 20, 1987, the town filed a response to the petitions for declaratory judgment, and a hearing was conducted on November 13, 1987. Appellant filed a motion to dismiss the petitions on December 14, 1987. On January 27, 1988, the trial court entered an order which is not a part of the record on appeal. This order was vacated on February 24, 1988, so the Court could consider *Oxford Fin. Cos. v. Dennis*, 185 Ga. App. 177 (363 SE2d 614) (1987). On May 16, 1988, it entered an order finding that *Oxford* was not dispositive of the case, denied appellant's motion to dismiss the declaratory judgment, denied the motion to open default, and granted plaintiffs' motion for a default judgment.

1. Appellant first contends that the trial court should have granted its motion to dismiss appellees' petitions because they showed on their faces that all possible rights had already accrued and

all possible obligations had long since attached.

OCGA § 9-4-2 (a) provides: "In cases of actual controversy, the respective superior courts of this state shall have power, upon petition or other appropriate pleading, to declare rights and other legal relations of any interested party petitioning for such declaration, whether or not further relief is or could be prayed; and the declaration shall have the force and effect of a final judgment or decree. . . ." Under subsection (c): "Relief by declaratory judgment shall be available, notwithstanding the fact that the complaining party has any other adequate legal or equitable remedy or remedies."

In their petitions appellees alleged that the town was estopped by its own negligence or fraud from claiming that they owed it large sums of money because of a computer error since 1983 which underdetermined the amount of their water bills. Attached to the petitions were letters from the town demanding full payment by July 8, 1987, or water service to appellees' tenants would be terminated. The appellees sought both equitable and legal relief to protect themselves from a claim that they believed to be either fraudulently or negligently calculated.

A declaratory judgment may not be granted in the absence of a justiciable controversy, *Kaylor v. Kaylor*, 236 Ga. 777 (225 SE2d 320) (1976). "The object of the declaratory judgment is to permit determination of a controversy before obligations are repudiated or rights are violated. As many times pointed out by this court, its purpose is to permit one who is walking in the dark to ascertain where he is and where he is going, to turn on the light before he steps rather than after he has stepped in a hole. 7 Ga. Bar Journal, p. 132. [Cit.]" *Rowan v. Herring*, 214 Ga. 370, 374 (105 SE2d 29) (1958). Unlike the situation in *Oxford Fin. Cos. v. Dennis*, 185 Ga. App. 177, supra (a two-judge case, one judge concurring in the judgment only), all possible legal rights had not accrued and all personal obligations had not attached. The complaints do not show on their faces the absence of an actual or judiciable controversy which would render the trial court without jurisdiction to enter a judgment. *Kaylor v. Kaylor*, supra. Accordingly, this enumeration is without merit.

2. Appellant next claims that the court below erred in granting a default judgment when no motion for such a judgment was pending before the court and contends that the grant of a default judgment is never proper in a declaratory judgment action.

OCGA § 9-4-5 provides that a proceeding instituted under the Declaratory Judgment Act "shall be filed and served as are other cases in the superior courts of this state." Under OCGA § 9-11-81 the Civil Practice Act applies to "all special statutory proceedings except to the extent that specific rules of practice and procedure in conflict herewith are expressly prescribed by law. . . ." Under the Civil Prac-

tice Act, a defendant is required to file an answer within thirty days after the service of the summons and complaint upon him. OCGA § 9-11-12 (a). If an answer is not filed within the required time, "the case shall automatically become in default unless the time for filing the answer has been extended as provided by law." OCGA § 9-11-55 (a). Therefore, if an answer is not timely filed, it is not necessary for the plaintiff to file a motion to declare the defendant to be in default. "Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damages, are admitted when not denied in the responsive pleading." OCGA § 9-11-8 (d).

Accordingly, we find that the Declaratory Judgment Act is governed by the practice rules contained in the Civil Practice Act and the defendant was required to file an answer. As it did not file one within the time permitted by law, appellant was automatically in default.

3. The trial court did not abuse its discretion by refusing to open the default as permitted under OCGA § 9-11-55 (b).

Approximately four and one-half months after the complaint was filed, appellant filed a motion to open the default alleging "excusable neglect" and that a "proper case" had been made out to open the default, claiming that OCGA § 9-11-55 (a) did not apply to declaratory judgment petitions, that it entered its appearance and answer to the motion orally at the hearing on the motion, that it relied upon the assurances of the plaintiffs' attorney that the case would be settled, and that a default judgment could not be had upon a motion for declaratory judgment. The motion was later amended to claim that it also had a "meritorious defense" to the motion, but the defense was not set forth.

Appellant's "failure to show a meritorious defense is alone fatal to [its] cause. Georgia law requires that facts regarding such a defense be set forth, and a mere statement . . . that the party 'has a good and meritorious defense to the declaration' is inadequate. [Cits.] Moreover, this requirement is a condition precedent; in its absence, the trial judge ha[s] no discretion to open the default. [Cits.]" *Coleman v. Dairyland Ins. Co.*, 130 Ga. App. 228, 229-230 (202 SE2d 698) (1973). The trial court had no discretion to open the default and did not err when it denied appellant's motion.

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED NOVEMBER 22, 1988 —
REHEARING DENIED DECEMBER 12, 1988 — 

*Taggart & Lakin, Thomas R. Taggart, Laura A. Marcantonio,* for appellant.

*Lawrence D. Kupferman*, for appellee (case no. 77482).
*Harold B. Yellin*, for appellees (case no. 77483).