77255. CHASTAIN v. UNITED STATES FIDELITY & GUARANTY COMPANY.
(378 SE2d 397)

McMURRAY, Presiding Judge.

United States Fidelity & Guaranty Company ("USF&G") initiated this declaratory judgment action against John Timothy Chastain (defendant), to determine the extent of its liability under an automobile liability insurance policy. USF&G alleged, in pertinent part, as follows: "On or about February 2, 1986 USF&G issued its policy of insurance . . . to Chastain & Majors, Inc. That policy of insurance was in effect for the period of February 2, 1986 to February 2, 1987. . . .

"On September 25, 1986, Defendant John Timothy Chastain was employed by Chastain & Majors, Inc. On that date [defendant] was involved in a motor vehicle collision with another motorist and in which he received serious bodily injury. At the time of the collision . . . [defendant] was operating a 1985 Nissan pickup truck which was owned by him in his individual capacity. That vehicle was insured by another insurance company for liability, personal injury protection (no-fault) benefits and for uninsured motorist coverage. That vehicle was not scheduled under the policy of insurance issued by USF&G to Chastain & Majors, Inc. and was not an insured vehicle under that

policy of insurance. . . .

"Defendant . . . has contended that he is entitled to certain underinsured motorist coverage under the policy of insurance issued by USF&G to Chastain & Majors, Inc. . . . with regard to injuries he received in the collision . . . . Defendant . . . may also contend he is entitled to certain personal injury protection (no-fault) benefits under the policy of insurance issued by USF&G to Chastain & Majors, Inc. . . .

"Under the terms of the policy issued by USF&G to Chastain & Majors, Inc. there is no coverage available to [defendant] for either underinsured motorist benefits or for personal injury protection. . . .

"Plaintiff USF&G shows that there exists a substantial controversy as to [its] rights, with an immediacy of choice placed upon it to determine the proper course of action and to avoid the possible accrual of damages, so that adjudication of this matter by way of declaratory judgment is warranted. . . .

"There is an actual controversy between Plaintiff USF&G and Defendant . . . , and neither of the parties have sought by any other legal action to have adjudicated their rights under the policy of insurance. . . ."

Defendant answered and subsequently filed a motion to dismiss for failure to state a claim contending that plaintiff sought a mere advisory opinion as to its defenses under the policy which is not a proper subject for a declaratory judgment action. The trial court denied this motion and subsequently entered summary judgment in favor of USF&G. This appeal followed. *Held*:

1. In his first enumeration of error, defendant contends the trial court erred in denying his motion to dismiss and argues that USF&G failed to state a claim for declaratory relief.

"OCGA § 9-4-2 (c) provides that a '(r)elief by declaratory judgment shall be available, notwithstanding the fact that the complaining party has any other adequate legal or equitable remedy or remedies.' However, it has been held that this provision 'does not mean that a declaratory judgment (action) will lie to have just any justiciable controversy decided.' *Reliance Ins. Co. v. Brooks Lumber Co.*, 101 Ga. App. 620, 621 (115 SE2d 271) (1960). '(T)he plaintiff must show facts or circumstances whereby it is in a position of uncertainty or insecurity because of a dispute and of having to take some future action which is properly incident to its alleged right, and which future action without direction from the court might reasonably jeopardize its interest.' *Phoenix Assur. Co. v. Glens Falls Ins. Co.*, 101 Ga. App. 530, 532-533 (114 SE2d 389) (1960). 'A declaratory judgment may not be granted in the absence of a justiciable controversy. (Cits.) "The object of the declaratory judgment is to permit determination of a controversy *before* obligations are repudiated or rights are violated.

As many times pointed out by this court, its purpose is to permit one who is walking in the dark to ascertain where he is and where he is going, to turn on the light *before* he steps rather than after he has stepped in a hole. (Cits.)" (Cit.)' (Emphasis supplied.) *Loyd v. City of Irwinton*, 142 Ga. App. 626-627 (1) (236 SE2d 889) (1977)." *Oxford Fin. Cos. v. Dennis*, 185 Ga. App. 177 (363 SE2d 614).

In the case sub judice, there is no question that a dispute exists between USF&G and defendant with regard to the parties' rights and duties under an automobile liability insurance policy. However, all possible rights under the policy have accrued and all obligations have attached. Further, the record discloses that there is no pending action which could possibly expose USF&G to uncertainty with regard to its duty to defend. (See *State Farm Mut. &c. Ins. Co. v. Allstate Ins. Co.*, 132 Ga. App. 332, 334, 335 (208 SE2d 170). Compare *Nationwide Mut. Ins. Co. v. Peek*, 112 Ga. App. 260 (145 SE2d 50), where an insurance carrier was seeking to relieve itself of an obligation to defend a pending suit against an insured.) It is therefore apparent that USF&G was merely seeking an advisory opinion from the trial court should past events result in an action at law or in equity. Georgia's Declaratory Judgments Act makes no provision for such an opinion. *Oxford Fin. Cos. v. Dennis*, 185 Ga. App. 177, 178, supra. Consequently, the trial court should not have entered summary judgment in favor of USF&G but should have granted defendant's motion to dismiss plaintiff's action for declaratory judgment. *American Mut. Ins. Co. of Boston v. Aderholt*, 114 Ga. App. 508 (1) (151 SE2d 833). Accordingly, the judgment below is vacated and the case is remanded. *Kaylor v. Kaylor*, 236 Ga. 777, 778 (225 SE2d 320).

2. Defendant's remaining enumerations of error are rendered moot by our holding in Division 1 of this opinion.

*Judgment vacated and case remanded. Pope and Benham, JJ., concur.*

DECIDED FEBRUARY 8, 1989.

*Weiner, Dwyer & Yancey, J. Matthew Dwyer, Jr., Thomas C. Dempsey*, for appellant.
*William C. Sanders*, for appellee.