A89A0854, A89A0855. ROYAL LEPAGE REAL ESTATE
SERVICES OF ATLANTA, INC. v. SPALDING PARTNERS,
LTD. (two cases).
(384 SE2d 424)

BANKE, Presiding Judge.

The appellant, a real estate brokerage company, entered into a one-year exclusive listing contract with the appellee pursuant to which it undertook to obtain tenants for the appellee's new office building. Seven months into the arrangement, the appellee cancelled the agreement. The appellant thereafter demanded to be paid commissions for any leases executed by tenants whom it had previously contacted, prompting the appellee to file the present action to obtain a judicial declaration that the appellant was not owed such commissions. The appellee subsequently obtained a default judgment in the action based on the appellant's failure to file defensive pleadings in a timely manner. The case is before us pursuant to our grant of the appellant's application for a discretionary appeal from the denial of its motion to set aside the default judgment. The appellant also filed a direct appeal to this court from the denial of its motion for new trial. *Held*:

1. The appellant contends that the default judgment should be set aside pursuant to OCGA § 9-11-60 (d) (3) on the ground that the trial court was without jurisdiction to grant the declaratory relief sought by the appellee. We agree.

" 'The object of the declaratory judgment is to permit determination of a controversy before obligations are repudiated or rights are violated. As many times pointed out by this court, its purpose is to permit one who is walking in the dark to ascertain where he is and where he is going, to turn on the light before he steps rather than

after he has stepped in a hole. [Citations omitted.]' [Cit.]" *Loyd v. City of Irwinton*, 142 Ga. App. 626, 627 (236 SE2d 889) (1977).

At the time the appellee filed its complaint for declaratory relief, it had already acted to repudiate the contract, and the only existing controversy between the parties concerned the validity of the appellant's claim for commissions for services previously rendered. See *Mendel v. Pinkard*, 217 Ga. 562 (1) (123 SE2d 770) (1962). This is clearly a dispute which can be resolved in subsequent litigation to collect such commissions. It is apparent that what the appellee is seeking in the present action is an advisory opinion as to which party would prevail on the merits in such litigation and that it is not in need of judicial guidance to enable it to avoid incurring additional liability or jeopardizing its rights. The trial court did not have jurisdiction to issue such an advisory opinion, and the motion to set aside the judgment should consequently have been granted. See *Oxford Fin. Co. v. Dennis*, 185 Ga. App. 177 (363 SE2d 614) (1987).

2. Inasmuch as a motion for new trial is not a proper vehicle for attacking the validity of a default judgment, see *Pillow v. Seymour*, 255 Ga. 683 (341 SE2d 447) (1986), the appellant's motion for new trial did not operate to extend the time for filing a direct appeal. See *Leader Nat. Ins. Co. v. Martin*, 185 Ga. App. 27, 29 (1) (363 SE2d 281) (1987). Consequently, the appeal from the denial of the motion for new trial is dismissed.

*Appeal dismissed in Case No. A89A0854. Judgment reversed in Case No. A89A0855. Sognier and Pope, JJ., concur.*

DECIDED JUNE 28, 1989 —
REHEARING DENIED JULY 13, 1989 —

*McCullough & Pane, John G. McCullough*, for appellant.
*Michael N. Mantegna*, for appellee.

