A91A2073. CHATTAHOOCHEE BANCORP, INC. v. ROBERTS.
(416 SE2d 875)

Cooper, Judge.

Appellant appeals from an order of the trial court granting appellee's motion to dismiss appellant's petition for declaratory judgment.

Appellee was terminated from employment by appellant on October 16, 1989. On October 26, 1990, appellee wrote appellant requesting payment pursuant to an alleged employment contract between appellant and appellee. Appellee enclosed a copy of the contract which was allegedly signed by an officer of appellant and which provided for salary payments, salary increases, bonus payments and payments upon termination of employment. On November 8, 1990, appellant responded to appellee's letter, stating that appellant considered the agreement to be a fraud; that appellant considered the entire matter to be frivolous and fraudulent; that appellant intended to fully defend any legal action that may be brought by appellee; and that appellant intended to seek any appropriate sanctions against appellee. In March 1991, appellant filed a petition for declaratory judgment in Gwinnett County, seeking a judicial determination that the agreement is invalid and unenforceable and the liquidated damages provi-

sion in the agreement is void. After appellant's petition was filed, appellee filed a civil action in Fulton County for breach of contract and emotional distress against appellant and the officer who allegedly signed the agreement. Thereafter, appellee answered appellant's petition and filed a motion to dismiss the declaratory judgment action. Appellant then filed an application for stay of the Fulton County proceedings. After a hearing, the trial court issued an order granting appellee's motion to dismiss the declaratory judgment petition, concluding that appellant was seeking an advisory opinion because, having denied appellee's claim, appellant was not undecided about the claim and all rights and obligations under the agreement had already accrued. Based on this conclusion, the trial court ruled that appellant's application for stay of proceedings was moot. Appellant contends that the trial court erred in ruling that it was seeking an advisory opinion and in not granting the application for stay of the Fulton County proceedings.

" 'OCGA § 9-4-2 (c) provides that a "(r)elief by declaratory judgment shall be available, notwithstanding the fact that the complaining party has any other adequate legal or equitable remedy or remedies." However, it has been held that this provision "does not mean that a declaratory judgment (action) will lie to have just any justiciable controversy decided." [Cit.] "(T)he plaintiff must show facts or circumstances whereby it is in a position of uncertainty or insecurity because of a dispute and of having to take some future action which is properly incident to its alleged right, and which future action without direction from the court might reasonably jeopardize its interest." [Cit.] "A declaratory judgment may not be granted in the absence of a justiciable controversy. (Cits.) 'The object of the declaratory judgment is to permit determination of a controversy before obligations are repudiated or rights are violated. . . .' " [Cit.]' [Cit.]" *Chastain v. U. S. Fidelity &c. Co.*, 190 Ga. App. 215, 216 (1) (378 SE2d 397) (1989) (Emphasis deleted.) "[A] declaratory judgment is not available to a party merely to test the viability of its defenses. [Cits.]" *Allstate Ins. Co. v. Shuman*, 163 Ga. App. 313, 316 (4) (293 SE2d 868) (1982). In the instant case, appellant was not uncertain of its actions and needed no direction with respect to any future conduct on its part. See *Logan Paving Co. v. Peoples Bank & Trust*, 196 Ga. App. 42 (395 SE2d 287) (1990). Prior to filing the declaratory judgment action, appellant had already firmly repudiated appellee's claim, and by doing so, now faces no future obligations under the agreement. Therefore, the rights and obligations of the parties pursuant to the agreement have accrued, appellant is seeking confirmation of actions it has already taken and declaratory relief is improper. Compare *Jahncke Svc. v. Dept. of Transp.*, 134 Ga. App. 106 (2) (213 SE2d 150) (1975). In effect, appellant is seeking an advisory opinion to con-

firm the propriety of its denial of appellee's claim in the event the denial results in future litigation. *Royal Lepage &c. v. Spalding Partners, Ltd.*, 192 Ga. App. 284 (1) (384 SE2d 424) (1989); *Oxford Fin. Cos. v. Dennis*, 185 Ga. App. 177, 178 (363 SE2d 614) (1987). Appellant, having affirmatively established its position, may now assert its defenses in the civil action filed by appellee. Although appellant relies on *Town of Thunderbolt v. River Crossing Apts., Ltd.*, 189 Ga. App. 607 (377 SE2d 12) (1988) in support of its position that a declaratory judgment is proper, after a review of the authority cited herein, we do not conclude that *Town of Thunderbolt* mandates a reversal of the trial court. The court in *Town of Thunderbolt* relied on the allegations in the complaint to determine that all possible legal rights had not accrued and all personal obligations had not attached, and that the court had jurisdiction to render a declaratory judgment. In the case sub judice, appellant's complaint establishes the contrary. Accordingly, the trial court did not err in dismissing appellant's petition for declaratory judgment and in ruling that the application for stay of proceedings was moot.

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED MARCH, 17, 1992.

Alston & Bird, W. Terence Walsh, T. Michael Tennant, Forrest W. Hunter, W. Glenn Viers, for appellant.

Beltran & Coffey, Frank J. Beltran, Ralph Perales, Davis, Gregory & Christy, Hardy W. Gregory, Jr., for appellee.