A96A2330. ADAMS et al. v. ATLANTA CASUALTY COMPANY.
(484 SE2d 302)

BIRDSONG, Presiding Judge.

Willie A. Adams, Sr., Willie A. Adams, Jr., and General Accident Insurance Company of America appeal the grant of summary judgment to Atlanta Casualty Company in Atlanta Casualty's declaratory judgment action. Appellants contend the trial court erred by finding that a "Named Driver Exclusion" in the Atlanta Casualty policy of automobile insurance issued to Willie A. Adams, Sr., excluded liability coverage for Willie A. Adams, Jr., and also erred by granting summary judgment before appellants could depose certain Atlanta Casualty officials.

It is not disputed that with her husband's express authorization, Theresa Adams secured an Atlanta Casualty automobile insurance policy from an independent insurance agent to cover their cars. In the process of doing so, Mrs. Adams decided to exclude their son and daughter, Willie A. Adams, Jr., and Theresa Adams, from the coverage of the policy so they could secure less expensive premiums. Although Mrs. Adams told her daughter Theresa that she was no longer covered, she did not tell Willie Adams, Jr., that he was not covered. Thereafter, Willie Adams, Jr., while driving a covered car with the permission of his father, was involved in an auto accident with Adonia Earl McDaniel on July 21, 1992. After McDaniel filed suit, the Adamses claimed coverage under the Atlanta Casualty policy.

The record shows that on receiving the request for coverage from the Adamses, Atlanta Casualty, on August 4, 1992, advised the Adamses that because Willie Adams, Jr., was driving the car, it was investigating to determine whether there was coverage. Thereafter, by letter of August 13, 1992, Atlanta Casualty informed the Adamses that as the investigation showed that Willie Adams, Jr., who was an excluded driver under the policy, was operating the vehicle, "in accordance with the Named Driver Exclusion Agreement, there is no coverage afforded by this policy for this loss." Then on August 14, 1992, Atlanta Casualty advised the Adamses that coverage was denied because false and misleading information was provided in the application for insurance. Nevertheless, on August 26, 1992, Atlanta Casualty informed the Adamses that the letter dated August 14, 1992, was sent in error and that a letter dated August 13, 1992, was the proper disclaimer of insurance. The action by McDaniel against the Adamses proceeded toward trial with General Accident involved as the uninsured motorist carrier, but with no involvement by Atlanta Casualty.

In June 1994, however, Atlanta Casualty wrote the Adamses advising them that Atlanta Casualty had assigned the defense of the case to a law firm and that Atlanta Casualty would pay the attorney fees and cost of defense unless the Adamses were notified to the contrary. For whatever reason, however, these attorneys did not enter an appearance on the Adamses' behalf and did not participate in the trial.

Then on September 12, 1994, Atlanta Casualty filed this petition for a declaratory judgment. Although the petition for a declaratory judgment sought an injunction staying the proceedings between McDaniel and the Adamses, no stay injunction was issued.

All the defendants in the declaratory judgment action filed answers and counterclaimed against Atlanta Casualty. These defendants also initiated discovery against Atlanta Casualty regarding the policy provisions in question and the premiums charged the Adamses. Atlanta Casualty objected to this discovery and also moved for a protective order.

Thereafter, a verdict in favor of McDaniel for $1,105.18 was returned on January 25, 1995, and judgment was entered for that amount on January 30, 1995. General Accident paid that judgment and has paid the expenses of defending the action.

Finally, almost a year after the judgment was entered, Atlanta Casualty moved for summary judgment in the declaratory judgment action. The motion contended that no coverage and no duty to defend existed, as a matter of law, because of the named driver exclusion. The defendants initially did not respond to the motion for summary judgment directly, but instead sought an extension of time in which

to answer and a motion to compel Atlanta Casualty to answer the discovery directing that certain company officials sit for deposition. Although the defendants may have responded to the motion for summary judgment, no such pleading appears in the record.

On May 9, 1996, the trial court granted the defendants' motion to compel, and directed Atlanta Casualty to produce designated witnesses to be deposed. This order also reserved ruling on Atlanta Casualty's motion for summary judgment. The same day and without explanation, however, the trial court granted Atlanta Casualty's motion for summary judgment. This appeal followed. *Held*:

1. Pretermitting the other issues asserted by appellants, our initial consideration is whether this was an appropriate case for a declaratory judgment. See *Dept. of Corrections v. Brown*, 198 Ga. App. 862 (403 SE2d 452). Appellants contend Atlanta Casualty waived its right to seek a declaratory judgment because it earlier had denied coverage under the policy and was in no need of judicial guidance. We agree.

A declaratory judgment is available when "interested parties are asserting adverse claims upon a state of facts wherein a legal judgment is sought that would control or direct future action." *Darnell v. Tate*, 206 Ga. 576, 580 (58 SE2d 160). Although a question about an insurance company's duty to defend its insured is ripe for judicial determination when an action has been filed against the insured (*Atlanta Cas. Co. v. Fountain*, 262 Ga. 16, 18 (413 SE2d 450)), that does not mean that Atlanta Casualty is entitled to a declaratory judgment under these facts. When a declaratory judgment cannot guide and protect the petitioner regarding a future act, no declaratory judgment is authorized. *Mayor &c. of Athens v. Gerdine*, 202 Ga. 197 (42 SE2d 567). This case is different from *Atlanta Cas. Co. v. Fountain*, supra, because in that case Atlanta Casualty did not deny coverage before seeking a declaratory judgment. 262 Ga. at 17. Further, that case involved an insured's claim for proceeds under the policy, while this case concerns a coverage dispute in which Atlanta Casualty not only denied coverage, but all rights under the policy had vested before Atlanta Casualty moved for summary judgment. Therefore, Atlanta Casualty no longer faced any uncertainty; it had made its decisions. Moreover, this is not a case in which insureds were making a claim directly against Atlanta Casualty on their own insurance policy. See *Atlanta Cas. Co. v. Fountain*, supra. This case is more analogous to *Chastain v. U. S. Fidelity &c. Co.*, 190 Ga. App. 215 (378 SE2d 397), which was distinguished in *Atlanta Cas. Co. v. Fountain*. In *Chastain*, this Court affirmed the dismissal of a declaratory judgment action because we found all rights had vested and USF&G was merely seeking an advisory opinion on its defenses should an action be filed against it. Id. at 217. By distinguishing the circum-

stances in *Atlanta Cas. Co. v. Fountain* from that in *Chastain v. U. S. Fidelity &c. Co.* we believe the Supreme Court showed no intention to overrule the line of cases holding that a party is not entitled to a declaratory judgment to test its defenses in a potential later action, *when the insurer has previously denied coverage.*

Moreover, the Supreme Court listed four factors it considered in deciding that a declaratory judgment action was appropriate: (1) a demand for payment had been made; (2) *the company had not yet acted to deny the claim*; (3) legitimate questions existed about the validity and applicability of the policy clause; and (4) Georgia law did not provide a clear answer. *Atlanta Cas. Co. v. Fountain*, supra at 18. In this case, as Atlanta Casualty previously had denied the claim for coverage, all of these factors were not present.

Consequently, the grant of a declaratory judgment was not authorized. "A declaratory judgment may not be granted in the absence of a justiciable controversy. 'The plaintiff must show facts or circumstances whereby it is in a position of uncertainty or insecurity because of a dispute and of having to take some future action which is properly incident to its alleged right, and which future action without direction from the court might reasonably jeopardize its interest.' . . . *Chattahoochee Bancorp v. Roberts*, 203 Ga. App. 405, 406 (416 SE2d 875) (1992)." *Mikart, Inc. v. Marquez*, 211 Ga. App. 209 (1) (438 SE2d 633). When, as here, the company denies coverage before it seeks guidance under the declaratory judgment, it has no need for direction from the court. *Sentry Ins. v. Majeed*, 194 Ga. App. 276, 278 (390 SE2d 269), aff'd, 260 Ga. 203 (391 SE2d 649). "[D]eclaratory judgment is not available where a judgment cannot guide and protect the petitioner with regard to some future act — as where an insurance company has already denied a claim." *Atlanta Cas. Co. v. Fountain*, supra at 18. "For example, if the insurer has received a demand for coverage from its insured and denies that such coverage is available under the terms of the policy, the insurer may not then seek declaratory judgment as to its duties under the policy. Having thus denied coverage, the insurer removes any doubt as to its duties under the contract of insurance and the insurer's firm decision is that it has no duty and, thus, is not met with uncertainty as to future acts. Declaratory judgment, therefore, would not lie in this case." (Footnote omitted.) Jenkins & Miller, Ga. Auto. Ins. Law Including Tort Law (1996 ed.), p. 70, § 7-4.

Accordingly, as the trial court was without jurisdiction to render a declaratory judgment, the summary judgment rendered on Atlanta Casualty's petition for a declaratory judgment is nugatory and must be set aside. *Dept. of Corrections v. Brown*, supra; *Logan Paving Co. v. Peoples Bank & Trust*, 196 Ga. App. 42, 43 (395 SE2d 287).

2. Because both appellants have filed counterclaims against

Atlanta Casualty, however, the coverage issue between the parties is not moot. See *Baron v. State Farm &c. Ins. Co.*, 157 Ga. App. 16, 19 (1) (276 SE2d 78), perhaps overruled on other grounds; see *Standard Guaranty Ins. Co. v. Hulsey*, 204 Ga. App. 508, 510 (420 SE2d 54). Therefore, Atlanta Casualty is free to raise its contentions regarding its exclusion as a defense to the Adamses' and General Insurance's counterclaims, and by this ruling we express no opinion on that issue. Because the trial court granted those parties time in which to conduct discovery of representatives of Atlanta Casualty and the issues are not presented fully before us, however, we cannot reach the merits of Atlanta Casualty's arguments at this time. Accordingly, the case is remanded to the trial court for further proceedings.

*Judgment vacated and remanded. Beasley and Blackburn, JJ., concur.*

DECIDED MARCH 14, 1997.

*Clark & Clark, Fred S. Clark*, for appellants.
*Brennan, Harris & Rominger, Richard A. Rominger, Edward R. Stabell III, Gabrielle M. Mann*, for appellee.