## A98A1218. FARM & HOME LIFE INSURANCE COMPANY v. SKELTON.
## A98A1219. FLEET FINANCE, INC. v. SKELTON.
### (510 SE2d 76)

McMURRAY, Presiding Judge.

Fleet Finance, Inc. of Georgia ("Fleet") retained attorney John L. Skelton, Jr. to collect accounts receivable, consisting of several purchase money notes and security deeds ("the collateral debts"), which Fleet held as collateral for certain loans ("the capital loans"). Fleet agreed to pay attorney Skelton a 25 percent contingency fee, plus expenses. Attorney Skelton initiated collection proceedings and acquired consent judgments which required periodic payments to satisfy a number of the collateral debts. Upon receiving these installments, attorney Skelton disbursed 75 percent of the proceeds to Fleet and retained 25 percent as attorney fees.

When the capital loans were satisfied, Fleet was obliged to assign the accounts receivable to a subordinate creditor that held interests in the accounts receivable — Chris Herstam, Director of Insurance and Domiciliary Receiver of Farm & Home Life Insurance Company, an Arizona Corporation ("the Receiver"). The Receiver, however, did not retain attorney Skelton and a dispute arose over attorney Skelton's attorney fee liens (encumbering the Gilmer County, Gordon County and Murray County realty which secured the collateral debts) and attorney Skelton's retention of 25 percent of the consent judgment installment payments.

Attorney Skelton initiated a declaratory judgment action against the Receiver and Fleet in the Cobb County, Georgia Superior Court, seeking a declaration of his rights to assert liens for 25 percent of the consent judgment installment payments. The Receiver filed a counterclaim, pertinently alleging that attorney Skelton wrongfully clouded title to the Gilmer County, Gordon County, and Murray County realty that secured the collateral debts. The Receiver also filed a motion to dismiss, alleging that attorney Skelton's declaratory judgment action violated an Arizona order prohibiting the enforcement of any lien against the collateral debts.[1] The Receiver and Fleet later filed cross-motions for summary judgment and attorney Skelton filed a motion for a summary declaration of his rights.

The trial court denied the Receiver's motion to dismiss and denied Fleet's motion for summary judgment. The trial court partially granted summary judgment in favor of the Receiver by ordering the dissolution of attorney Skelton's attorney fee liens in Gilmer

---

[1] The Receiver took control of the collateral debts under an Arizona trial court order to rehabilitate the insolvent holder of these assets, Farm & Home Life Insurance Company, an Arizona Corporation.

County, Gordon County, and Murray County, Georgia. The trial court, however, did not address the Receiver's defamation of title to realty counterclaim. The trial court granted summary judgment to attorney Skelton by declaring "that [attorney Skelton] may properly and legally enjoy all rights in and to his attorney fees incurred during his employment for Fleet wherein [attorney Skelton] secured installment judgments [and that attorney Skelton] has a right to twenty-five percent of the judgments he secured on behalf of Fleet." The Receiver appeals this order in Case No. A98A1218, and Fleet cross-appeals in Case No. A98A1219. *Held:*

"OCGA § 9-4-2 (c) provides that a '(r)elief by declaratory judgment shall be available, notwithstanding the fact that the complaining party has any other adequate legal or equitable remedy or remedies.' However, it has been held that this provision 'does not mean that a declaratory judgment (action) will lie to have just any justiciable controversy decided.' *Reliance Ins. Co. v. Brooks Lumber Co.*, 101 Ga. App. 620, 621 (115 SE2d 271) (1960). '(T)he plaintiff must show facts or circumstances whereby it is in a position of uncertainty or insecurity because of a dispute and of having to take some future action which is properly incident to its alleged right, and which future action without direction from the court might reasonably jeopardize its interest.' *Phoenix Assur. Co. v. Glens Falls Ins. Co.*, 101 Ga. App. 530, 532-533 (114 SE2d 389) (1960). 'A declaratory judgment may not be granted in the absence of a justiciable controversy. (Cits.) "The object of the declaratory judgment is to permit determination of a controversy *before* obligations are repudiated or rights are violated. As many times pointed out by this court, its purpose is to permit one who is walking in the dark to ascertain where he is and where he is going, to turn on the light *before* he steps rather than after he has stepped in a hole. (Cits.)" (Cit.)' (Emphasis supplied.) *Loyd v. City of Irwinton*, 142 Ga. App. 626-627 (1) (236 SE2d 889) (1977)." *Oxford Finance Cos. v. Dennis*, 185 Ga. App. 177 (363 SE2d 614).

Although the cases sub judice reveal an actual controversy between the parties which is ripe for adjudication, attorney Skelton's petition for declaratory judgment shows on its face that all possible rights between the parties have accrued and all possible obligations have attached. The attorney fee contract between Fleet and attorney Skelton has been executed, the services under this agreement have been rendered and the factual and legal basis (whether contractual or quantum meruit) for attorney Skelton's claim to 25 percent of the remaining consent judgment installment payments is set. Attorney Skelton has failed to demonstrate that he was in need of any direction from the trial court with respect to future conduct on his part which might increase his liability or otherwise affect his interests.

Attorney Skelton risked liability when he continued retaining 25 percent of the consent judgment installment payments after Fleet's capital loans were satisfied and after the Receiver disputed attorney Skelton's right to these proceeds. He thereby lost any possible jurisdictional basis for declaratory relief. What attorney Skelton was seeking, in effect, was an advisory opinion from the trial court as to which party would succeed on the merits of any claim arising from the parties' past relationships.

" ' "The Georgia Declaratory Judgments Act makes no provision for a declaratory judgment which is merely advisory." (Cits.)' *Hudgens v. Local 315 Retail &c. Store Union, AFL-CIO*, 133 Ga. App. 329, 331 (210 SE2d 821) (1974). 'Our declaratory judgment statutes provide that there must be an actual or justiciable controversy between adverse parties before they can be invoked. (Cit.) When a complaint for declaratory judgment shows upon its face, as [the] one [in the cases sub judice] does, that there is no actual or justiciable controversy between adverse parties, a trial court does not have jurisdiction to render a declaratory judgment. . . . An actual or justiciable controversy was not present in this alleged litigation, and the trial court was without jurisdiction to enter a judgment [as to attorney Skelton's request for declaratory relief]. This being so, [that part of the trial court's order granting attorney Skelton's motion for summary judgment] must be set aside as nugatory.' *Kaylor v. Kaylor*, 236 Ga. 777-778 (225 SE2d 318) (1976)." *Oxford Finance Cos. v. Dennis*, 185 Ga. App. 177, supra. Accordingly, this part of the trial court's summary judgment must be vacated as nugatory.

Since the Receiver's defamation of title counterclaim remains pending in the trial court, this Court does not have jurisdiction to entertain the Receiver's and Fleet's appeals from that part of the trial court's order denying their respective motions for summary judgment. See *Serco Co. v. Choice Bumper*, 199 Ga. App. 846 (406 SE2d 276).

*Judgment vacated and appeals dismissed in Case Nos. A98A1218 and A98A1219. Blackburn and Eldridge, JJ., concur.*

DECIDED DECEMBER 1, 1998.

*Macey, Wilensky, Cohen, Whittner & Kessler, Susan L. Howick,* for appellant (case no. A98A1218).

*Womble, Carlyle, Sandridge & Rice, Nisbet S. Kendrick III,* for appellant (case no. A98A1219).

*Troutman Sanders, Richard W. Gerakitis, Cashin, Morton & Mullins, Harry L. Cashin, Jr.,* for appellee.