25806. CHATHAM COUNTY HOSPITAL AUTHORITY v. BARNES et al.

ARGUED MAY 12, 1970—DECIDED JUNE 9, 1970— REHEARING DENIED JUNE 25, 1970.

*Connerat, Dunn, Hunter, Houlihan, Maclean & Exley, J. M. Hewson, Mark M. Silvers, Jr.,* for appellant.

*Frank W. Seiler, Walter C. Hartridge, II,* for appellees.

MOBLEY, Presiding Justice. Chatham County Hospital Authority brought a complaint against Frank Barnes and Travelers Insurance Company to collect an indebtedness of $2,648.20 owed by Barnes to the plaintiff for hospitalization required by him because of injuries received when an uninsured motorist struck him with an automobile. Travelers is Barnes' uninsured motorist carrier. The complaint sought the appointment of a receiver to take charge of the claim of Barnes against Travelers, to submit proper proof of claim, to accept any reasonable

offer in settlement of the claim, and to satisfy the debt owed by Barnes to the plaintiff.

The trial judge denied the motions for summary judgment of the plaintiff and the defendants, denied the appointment of a receiver to the plaintiff, and dismissed the complaint for failure to state a claim upon which relief could be granted. The plaintiff appealed from this judgment, assigning error on the rulings unfavorable to it.

The motion for summary judgment of the plaintiff had attached to it the affidavit of Sidney Raskin, an attorney, who stated that he entered into a contract with Barnes to represent him in his claim arising out of injuries received in an automobile accident, which contract authorized the attorney to pursue the claim against any persons, firms, or corporations, and to settle or compromise the claim, and pursuant to this contract he entered into an agreement with Travelers to settle the claim for $9,500. Attached as exhibits to the affidavit were: the contract of employment signed by Barnes (by his mark) and by Barnes' wife; an unsigned receipt of settlement; and a memorandum agreement referring to the $9,500 settlement, signed by the attorney and Barnes. Also attached was a certificate showing an unsatisfied judgment of the plaintiff against Barnes in the City Court of Savannah in the amount of $2,648.20.

The defendants' motion for summary judgment had attached to it affidavit of Frank Barnes that he was seriously injured at the time the employment agreement was purported to be signed by him and he did not recall signing it, that his vision was blurred because of his injuries at the time the memorandum agreement was purported to be signed by him, and he understood that the paper only authorized the attorney to proceed against those causing his injuries, that he did not want to make a claim of any kind against Travelers under the uninsured motorist endorsement, but wanted to make a claim against those injuring him. Also attached were: affidavit of Mrs. Barnes that she did not have her husband's authorization to employ an attorney in his behalf; affidavit by a representative of Travelers that his company acknowledged coverage of the uninsured motorist claim, and offered a settlement of $9,500, which Barnes refused to accept, stating that he did not intend to assert a

510

claim on the uninsured motorist feature of his policy; and affidavit of Barnes' physician that Barnes was not in a condition, because of his injuries, to understand a legal document on the date the employment contract was purportedly made with attorney Raskin.

■ "Courts of equity shall assist creditors in reaching equitable assets in every case where to refuse interference would jeopardize the collection of their debts." *Code* § 28-103.

There was an issue of fact under the evidence submitted on the motions for summary judgment as to whether Barnes had authorized an attorney to settle his claim arising out of the injuries for which he was hospitalized. If a binding agreement was made between Barnes and the attorney to settle the claim, and settlement was reached between the attorney and the insurance company, the settlement would be subject to the debt of Barnes to the plaintiff.

The evidence showed that the plaintiff had no adequate remedy at law. In his rebuttal evidence Barnes did not contend that he was able to pay the judgment from his own assets. The settlement with the insurance company could not be reached by garnishment proceedings since Barnes refused to sign the settlement agreement and accept the settlement.

The issue made by the evidence submitted on the motions for summary judgment must be resolved by a jury, and the trial judge properly denied the motions for summary judgment of the plaintiff and the defendants.

■ The ruling dismissing the complaint on the ground of failure to state a claim upon which relief could be granted is erroneous. The trial judge properly held that the evidence submitted by the parties raised an issue of fact. There could be no issue of fact for submission to a jury unless the complaint, as amplified by the evidence, showed a claim upon which some relief could be granted.

As pointed out in the first division, the plaintiff would be entitled to collect its debt from the settlement of the insurance claim, should a jury determine that a binding contract was made by Barnes to settle his claim.

*Judgment affirmed in part; reversed in part. All the Justices concur, except Felton, J., who concurs in the judgment only.*