## 65609. JOHNSON et al. v. GEORGIA BAPTIST HOSPITAL.

BIRDSONG, Judge.

The appellant Mrs. Johnson entered Georgia Baptist Hospital for the birth of her baby, on January 7, 1980. On that date, it was determined by hospital personnel what the usual and customary charges would be for the delivery and care of Mrs. Johnson and infant, and how much of these charges would be paid by insurance. As a courtesy to appellants, who could not then pay the anticipated excess charge of $259.43, Mr. Johnson was permitted to sign a promissory note for that amount. After the baby's delivery, however, it was agreed by Mrs. Johnson and the doctor that she should also have a tubal ligation. She stayed in the hospital for seven days. The charges were $654.58 for the delivery and room; $628.51 for baby care; and $895.90 for the tubal ligation procedure and additional length of stay in a private room. An itemized bill was submitted to the Johnsons for the entire hospital bill. This in turn was surrendered, apparently without protest as to accuracy or amount, to the Johnson's insurer which made partial payment thereon. As it turned out, the insurance paid $825.86 for the delivery and baby charges, but nothing for the tubal ligation. This left a balance owing of $1,353.13, including the amount for which Mr. Johnson signed the promissory note. Upon entering the hospital, Mrs. Johnson had signed a "Consent for Treatment" form "hereby authoriz[ing] the Georgia Baptist Medical Center, its employees and agents, to furnish to [Mrs. Johnson] such hospital care and services, medical treatment, [etc.] ... [and] supplies and drugs ... as may be ordered by the physicians responsible for the care of the patient, *and in consideration of said services the patient or undersigned person responsible for the bill hereby agrees to pay Georgia Baptist Medical Center for same.*" (Emphasis supplied.)

The appellants enumerate two errors from the judgment for the hospital. *Held:*

1. Appellants contend the trial court erred in holding them liable on the account in that there was no proof of either a valid contract (with the exception of Mr. Johnson's $259.43 promissory note), or that the charges were reasonable and necessary.

We held in *Reddix v. Chatham County Hospital Auth.,* 134 Ga. App. 860, 862 (216 SE2d 680): "Ordinarily, in the absence of an agreement, either express or implied, as to the amount of charges made to the 'account' of the defendant patient, the plaintiff hospital would have to prove the charges were reasonable and the value thereof. [Cits.]

"...[U]nder such circumstances where it appears that a statement is rendered [as in this case] and not objected to and payments are

made thereon a prima facie case may be made in favor of the plaintiff hospital."

In this case, the hospital bill showed that the services had been performed and had been recorded in computer form as each one was performed by each hospital employee. Apparently it was only after the insurer refused to pay the whole bill that dispute arose.

The appellants do not contend the charges were not reasonable and necessary; but only that the plaintiff hospital could not recover until the charges had been shown to be reasonable and necessary. We will not elevate form over substance, but hold as sufficient a showing by the hospital of every element of service and its cost, a prior agreement by the patient to pay for the hospital's services, a failure to object to the billing, followed by a partial payment. There is no merit in this enumeration.

2. For the same reasons, we decline to deny recovery merely on the basis that the hospital collections officer did not prove absolutely that the hospital was licensed at the time the charges were incurred. The collections officer in this case testified his hospital had a "license," in his office. This satisfies the requirement of licensing where no objection is raised as to the factual data contained in the purported license. *Merrill Lynch, Pierce, Fenner & Smith v. Zimmerman,* 248 Ga. 580 (285 SE2d 181). The appellants in this case did not dispute that the hospital had been licensed (see *Grier v. Employees Financial Services,* 158 Ga. App. 813, 814 (282 SE2d 342)).

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED APRIL 22, 1983 —
REHEARING DENIED MAY 11, 1983 —

*Gary J. Leshaw, Steven Gottlieb,* for appellants.
*John D. Varnell,* for appellee.