## A98A2321. THOMAS v. McCLURE.
### (513 SE2d 43)

POPE, Presiding Judge.
Robert Thomas was a passenger in a car driven by Bobby McClure when the car collided with another vehicle. Thomas was injured in the collision and was treated at Tanner Medical Center from April 15, 1994, until his discharge on April 28, 1994. On May 31, 1994, Tanner Medical filed in court a verified statement for hospital lien showing that Thomas owed $13,397 for hospital care.

Thereafter, Thomas sued McClure for damages arising from the collision. McClure was not insured and Thomas eventually reached a settlement with his own uninsured motorist carrier, Southern General Insurance Company, for $15,000. Pursuant to a court order, Southern General paid the funds into the court registry. Tanner Medical then moved to intervene, claiming that pursuant to its hospital lien it was entitled to payment from the settlement proceeds paid into court. Thomas challenged the claim, arguing that the hospital had not timely perfected its lien.

The trial court ruled in favor of Tanner Medical and awarded the hospital $8,681 of the money deposited into the court's registry.[1] The court later entered a default judgment in favor of Thomas against McClure. Thomas appeals from the final judgment,[2] challenging the court's findings that Tanner Medical perfected a valid hospital lien and is entitled to money held in the court registry. We affirm the court's judgment.

1. Thomas claims the trial court should have ruled that Tanner Medical's lien is unenforceable because it was filed 33 days after his discharge from the hospital and thus did not comply with the 30-day filing period set forth in OCGA § 44-14-471. Contrary to Thomas' claim, Tanner Medical's delayed filing does not render its lien unenforceable.

---

[1] The rest of the $15,000 was awarded to Thomas' attorney to cover his fees and expenses.
[2] Thomas filed two prior appeals in this case that were dismissed. The case is now properly before us as an appeal from a final judgment.

The existence of a hospital lien is established by OCGA § 44-14-470 (b), which provides: "Any person, firm, hospital authority, or corporation operating a hospital . . . in this state shall have a lien for the reasonable charges for hospital . . . care and treatment of an injured person, which lien shall be upon any and all causes of action accruing to the person to whom the care was furnished . . . on account of injuries giving rise to the causes of action and which necessitated the hospital . . . care, subject, however, to any attorney's lien. . . ." Under this Code section, Tanner Medical has a valid lien for the reasonable charges for the care it provided to Thomas as a result of his injuries from the accident. The lien is enforceable against any cause of action that Thomas has on account of his injuries from the accident.

The method for perfecting such an existing lien is set forth in OCGA § 44-14-471: "In order to perfect the lien provided for in Code Section 44-14-470, the operator of the hospital, within 30 days after the person has been discharged therefrom, shall file in the office of the clerk of the superior court of the county in which the hospital is located and in the county wherein the patient resides, if a resident of this state, a verified statement setting forth the name and address of the patient as it appears on the records of such hospital; the name and location of the hospital and the name and address of the operator thereof; the dates of admission and discharge of the patient therefrom; the amount claimed to be due for the hospital care; and, to the best of the claimant's knowledge, the names and addresses of all persons, firms, or corporations claimed by the injured person or the legal representative of the person to be liable for damages arising from the injuries. Such claimant shall also, within one day after the filing of the claim or lien, mail a copy thereof to any person, firm, or corporation claimed to be liable for the damages, said copy to be mailed to the address given in the statement. The filing of the claim or lien shall be notice thereof to all persons, firms, or corporations liable for the damages, whether or not they are named in the claim or lien."

There is no question that Tanner Medical was late in filing its lien 33 days after Thomas was discharged. However, in *Macon-Bibb County Hosp. Auth. v. Nat. Union Fire Ins. Co.*, 793 FSupp. 321 (M.D. Ga. 1992), the federal district court ruled that an untimely hospital lien, also filed 33 days after the injured person was discharged, was nevertheless valid and enforceable. The court reasoned that the liable insurance company in that case had actual notice of the hospital lien and "[t]hus, the purpose of the perfection statute — that 'the filing of the claim or lien shall be notice' to all liable parties — was accomplished." Id. at 323 (2). Likewise, in the instant case it is undisputed that both Thomas and his insurer, Southern General, had actual notice of Tanner Medical's lien.

The district court in *Macon-Bibb Hosp. Auth.* also noted that the hospital lien statute is unlike the mechanics lien statute, which expressly requires strict compliance with its filing time period so that a lien filed after expiration of the period is unenforceable. There is no comparable language of strict compliance in the hospital lien statute. Id. at 324 (2). The court therefore concluded that the hospital in that case was entitled to enforce its untimely lien. "The lien was created at the moment the Hospital began treating [the injured party], and the Hospital's failure to strictly comply with the filing requirements does not affect the validity of the lien." Id. at 325 (2).

Although we are not bound by the district court's opinion, we find its reasoning to be sound and persuasive. Accordingly, we conclude that Tanner Medical's lien was created when it began treating Thomas, and the hospital's lack of strict compliance with the perfection statute by filing its verified statement three days late does not render the lien unenforceable, particularly in light of the fact that the liable parties had actual notice of the lien and were not prejudiced by the late filing. The trial court therefore did not err in enforcing the lien.

2. Thomas contends the trial court erred in ruling that Tanner Medical can enforce its lien against the money paid by his uninsured motorist carrier. The contention is without merit. OCGA § 44-14-470 (b) provides that a hospital lien "shall be upon any and all causes of action accruing to the person to whom the care was furnished . . . on account of injuries giving rise to the causes of action and which necessitated the hospital . . . care. . . ." Here, Thomas' uninsured motorist claim accrued to him on account of his injuries from the accident and for which he was treated at Tanner Medical. Consequently, the hospital's lien shall be upon the money paid into the court registry pursuant to Thomas' uninsured motorist claim. See generally *Chatham County Hosp. Auth. v. Barnes*, 226 Ga. 508 (175 SE2d 854) (1970) (hospital may collect uninsured motorist proceeds). The trial court correctly enforced the lien against the money in the court registry.

3. Thomas enumerates that the trial court erred in ruling that the hospital should be paid for its services before Thomas himself is wholly compensated for his injuries. Thomas has not complied with Court of Appeals Rule 27 (a) (1) by stating how this enumeration of error was preserved for appellate consideration. Thomas has made no reference to the record showing where this argument was raised in, and ruled upon by, the trial court. The argument does not appear in Thomas' trial brief opposing Tanner Medical's request to intervene and enforce its lien, and the issue is not mentioned in the trial court's written order granting the hospital's request. "This court will not speculate as to such matters. [Cit.] Further, this issue is not ripe for

appellate adjudication. [Cit.]" *Ramsey v. Sumner*, 211 Ga. App. 202, 205 (5) (438 SE2d 676) (1993).

*Judgment affirmed. Beasley, P. J., and Ruffin, J., concur.*

DECIDED FEBRUARY 23, 1999.

*Jack F. Witcher, Ana M. Rountree*, for appellant.

*Tisinger, Tisinger, Vance & Greer, Glenn M. Jarrell, Kenneth B. Crawford*, for appellee.