A02A0598. NASH et al. v. ALLSTATE INSURANCE COMPANY et al.

(567 SE2d 748)

BARNES, Judge.

The five children of a woman who was killed in a car wreck appeal the trial court's order disbursing more than $18,000 out of $25,000 available insurance coverage to satisfy a hospital lien. Because the children made a claim for wrongful death and the decedent's administratrix declined to make a claim on behalf of the estate, we reverse.

After surviving for one day, Winona Crissinger died as a result of injuries sustained in an automobile collision caused by Glenda Findley. The hospital bill for services rendered to Crissinger totaled $30,149.25, which was reduced to $18,039.50 due to the decedent's organ donation. Findley had $15,000 liability insurance, and Crissinger had $10,000 underinsured motorist insurance, which was the total amount of coverage available.

Allstate Insurance Company and Shield Insurance Company filed an interpleader action against Crissinger's daughter Penny Nash, individually and as Crissinger's administratrix, the remaining four children individually, and Floyd Healthcare Management, Inc. d/b/a Floyd Medical Center. The insurance companies sought an order allowing them to pay these sums into the court registry, discharging them from liability, and determining the funds' distribution. The parties agreed to a consent order discharging the companies on payment of their limits into the court registry. The hospital and the children stipulated the facts for the judge to determine how to distribute the funds.

The children moved the court to disburse the entire $25,000 to them individually, arguing that the hospital's lien under OCGA § 44-14-470 did not attach. The hospital filed a cross-motion for disbursement, contending it was entitled to payment of its lien from the

$25,000 in the registry. The trial court held that, even though Crissinger's administratrix had not asserted a claim for medical payments, such a claim had accrued, and therefore the lien applied against the insurance funds. It ordered the clerk to disburse $18,039.50 to the hospital and the balance to Nash individually and as administratrix.

OCGA § 44-14-470 (b) provides:

> Any person, firm, hospital authority, or corporation operating a hospital or nursing home in this state shall have a lien for the reasonable charges for hospital or nursing home care and treatment of an injured person, which lien shall be upon any and all causes of action accruing to the person to whom the care was furnished or to the legal representative of such person on account of injuries giving rise to the causes of action and which necessitated the hospital or nursing home care. . . .

The children argue that, under the plain terms of the statute, the hospital's lien attaches only to causes of action accruing to their mother or their mother's estate, which include those for Crissinger's pain and suffering before her death, her burial expenses, and her hospital expenses. However, the lien does not attach to the children's claim for the wrongful death of their mother, which is not an action "accruing to the person to whom the care was furnished or to the legal representative of such person." Instead, the right to maintain an action for wrongful death belongs to a surviving spouse, or if as in this case there is no spouse, to the decedent's children. OCGA § 51-4-2 (a). Because the estate has not laid claim to the funds and the children have filed a wrongful death suit, they argue, the lien should not be satisfied out of the funds paid into the registry.

The hospital argues that the insurers paid the policy limits into the court to extinguish their liability "on account of Ms. Crissinger's bodily injury, medical expenses, and subsequent death." Multiple causes of action had accrued to Crissinger, including one for medical expenses, and therefore, the hospital argues, it was entitled to recover from the money paid into the registry "based on the plain wording of the statute itself."

The companies prayed in their interpleader for "an Order discharging the Plaintiff from any and all other liability to any Defendant to this action or to any other persons, firms or entities." The trial court entered such an order, holding that, "upon payment of the said sums, [the insurance companies] will be discharged from all liability." Neither the interpleader itself nor the order discharging the compa-

nies from liability characterizes the funds as being payment for any particular kind of claim.

The parties agree that the value of the plaintiffs' wrongful death claim exceeds $25,000, and thus the pool of funds available is inadequate to cover all the claims that accrued as a result of this collision. The hospital argues that designating the funds as payment for wrongful death "would elevate form over substance by allowing the interested beneficiaries to escape valid legal claims by semantically calling policy benefits 'wrongful death' damages, instead of what they really are: insurance benefits payable upon the personal injury of Mrs. Crissinger."

We have found no Georgia cases directly addressing how to determine which cause of action should be deemed to be satisfied out of insufficient available funds. But the funds themselves were paid into court in order to discharge the insurers' liability, not to satisfy a particular claim. The funds were available as payment for any of the claims that could have been made against them, which includes the plaintiffs' wrongful death claim as well as the estate's medical expenses claim. The only evidence in the record establishing what the funds "really are" is the wrongful death complaint that the plaintiffs filed against the tortfeasor who caused their mother's death, which was dismissed after the insurance funds were paid into court. See *Holland v. State Farm &c. Ins. Co.*, 236 Ga. App. 832, 833-834 (1) (513 SE2d 48) (1999).

The trial court thus expanded the scope of the wrongful death action to include the expenses of Crissinger's last illness, which it had no authority to do. As the Supreme Court of Georgia has held:

> There is no common law right to file a claim for wrongful death; the claim is entirely a statutory creation. In Georgia, wrongful death claims are only permitted under the auspices of the Wrongful Death Act, OCGA § 51-4-1 et seq. Being in derogation of common law, the scope of the Wrongful Death Act must be limited in strict accordance with the statutory language used therein, and such language can never be extended beyond its plain and ordinary meaning. The express language of the Act will be followed literally and no exceptions to the requirements of the Act will be read into the statute by the courts.

(Punctuation and footnotes omitted.) *Tolbert v. Maner*, 271 Ga. 207, 208 (1) (518 SE2d 423) (1999).

For the court to designate the insurance proceeds as compensation for medical expenses in order to apply the hospital lien, despite the record evidence to the contrary, would be an unfair exercise in

semantics. Someone has to determine which of the several causes of action will be satisfied out of the meager funds available, and the plaintiffs who have the right to bring those causes of action are the logical ones to make that choice.

The hospital cites *Thomas v. McClure*, 236 Ga. App. 622, 624 (2) (513 SE2d 43) (1999), to support the proposition that its lien should be paid from the insurance funds paid into court. *Thomas*, however, holds only that a hospital lien is enforceable against uninsured motorist funds paid on account of personal injuries the insured suffered; it does not address the issue of how to determine which of several accrued claims should be paid from available funds.

We conclude that the trial court erred in holding that the hospital's lien should be applied against the funds paid into the court registry. Accordingly, we reverse and remand with direction that the trial court order the clerk to make the funds available for distribution to the plaintiffs.

*Judgment reversed. Pope, P. J., and Ruffin, J., concur.*

DECIDED JUNE 26, 2002.

*Davidson & Strain, William E. Davidson, Jr.,* for appellants.
*Smith, Shaw & Maddox, Julius W. Peek, Jr., David F. Guldenschuh,* for appellees.