S09G1876. AMERICAN INTERNATIONAL SOUTH INSURANCE
COMPANY v. FLOYD.

(704 SE2d 755)

MELTON, Justice.

After being injured in an automobile accident, Donna Floyd (sometimes referred to as the insured) received a payment from United Automobile Insurance Company representing the maximum allowable coverage under its policy with the tortfeasor who caused Floyd's injuries. Floyd later brought suit against American International South Insurance Company, with which she carried an uninsured motorist policy with $25,000 worth of coverage. Floyd maintained that, despite the $25,000 payment from United Automobile, American International was required to cover her remaining damages, including an outstanding hospital lien held by Atlanta Medical Center. Floyd argued that the available limits under the tortfeasor's liability policy had to be reduced by the amount of the unpaid hospital lien. American International disagreed.

The underlying lawsuit ensued, and based on the provisions of the uninsured motorist statute, the trial court granted summary judgment to American International. Floyd then appealed that decision to the Court of Appeals. In *Floyd v. American Intl. South Ins. Co.,* 298 Ga. App. 771 (681 SE2d 216) (2009), the Court of Appeals reversed the trial court, finding that the policy limits available under the tortfeasor's liability insurance had to be reduced by the amount of the unpaid hospital lien, thereby increasing American International's exposure. Thereafter, we granted American International's petition for certiorari to determine whether the Court of Appeals erred in extending the rationale of *Thurman v.*

*State Farm Mut. Auto. Ins. Co.*, 278 Ga. 162 (598 SE2d 448) (2004), to the satisfaction of a hospital lien by the tortfeasor's liability insurer. We reverse.

In our contemporaneously decided case of *State Farm Mut. Auto. Ins. Co. v. Adams*, 288 Ga. 315 (702 SE2d 898) (2010), we reviewed the fundamental premise of the uninsured motorist code and the basic nature of hospital liens. Based on that analysis, we determined that such liens imposed pursuant to OCGA § 44-14-470 (b) did not qualify as "payment of other claims or otherwise" under OCGA § 33-7-11 (b) (1) (D) (ii), and, as a result, these liens could not be used to reduce a tortfeasor's available coverage and increase the coverage of an insured's uninsured motorist carrier. These findings are directly applicable to the present case. Therefore, for all of the reasons set forth in *Adams*, supra, we find that Floyd's unpaid hospital lien does not reduce United Automobile's coverage or concomitantly increase American International's uninsured motorist coverage. The Court of Appeals erred in finding otherwise.

*Judgment reversed. All the Justices concur, except Hunstein, C. J., and Benham, J., who dissent.*

BENHAM, Justice, dissenting.

I dissent because I believe appellant is obligated to pay the hospital lien for treatment appellee received for injuries caused by the tortfeasor. OCGA § 33-7-11 (b) (1) (D) (ii) (2000) provides that

> available coverages under the bodily injury liability insurance and property damage liability insurance coverages on [an under-insured or uninsured] motor vehicle shall be the limits of coverage less any amounts by which the maximum amounts payable under such limits of coverage have, by reason of payment of other claims or otherwise, been reduced below the limits of coverage. . . .

Inasmuch as there is a valid hospital lien in the case at bar, it triggers appellee's UM coverage limits because the lien lessens the tortfeasor's liability limits. Id. Since the lien in this case has not yet been paid and appellee has already received all the funds from the tortfeasor's liability carrier, I believe appellant is obligated to issue a check to the hospital for its lien. See *Chatham County Hosp. Auth. v. Barnes*, 226 Ga. 508 (175 SE2d 854) (1970) (a hospital debt arising out of an auto accident may be paid from UM funds). Accordingly, I would affirm the judgment of the Court of Appeals.

I am authorized to state that Chief Justice Hunstein joins in this dissent.

Decided November 30, 2010 —
Reconsideration denied December 14, 2010.

*Harper, Waldon & Craig, Trevor G. Hiestand,* for appellant.
*F. Glenn Moffett, Jr.,* for appellee.