IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA16-234

Filed: 7 February 2017

Stanly County, No. 14 CVS 1147

DONALD WAYNE PERRY SR. and wife PATSY K. PERRY, Plaintiffs,

v.

BANK OF AMERICA, N.A., Defendant.

Appeal by plaintiffs from order entered 29 December 2015 by Judge Kevin M. Bridges in Stanly County Superior Court. Heard in the Court of Appeals 8 September 2016.

> *Scarbrough & Scarbrough, PLLC, by James E. Scarbrough and John F. Scarbrough, for plaintiffs-appellants.*

> *McGuireWoods LLP, by Scott I. Perle and Monica E. Webb, for defendant-appellee.*

DIETZ, Judge.

Plaintiffs Donald Wayne Perry, Sr. and Patsy K. Perry appeal from the dismissal of their lawsuit against Bank of America. The Perrys have home equity lines of credit with Bank of America and are in default on their payments. The Perrys contend that they are not obligated to pay the outstanding balances because those balances were procured through fraud by their son, who withdrew funds from the credit lines without his parents' authorization.

As explained below, we affirm in part and reverse in part. The Perrys sought a declaration that they were not obligated to repay the balances on the lines of credit. The sole basis on which Bank of America defends the dismissal of that declaratory judgment claim is that the claim does not allege an actual controversy. As explained below, although there may be other grounds to dismiss the claim, the claim satisfies the legal criteria for declaratory relief, and thus we reverse the dismissal of that claim and remand for further proceedings. We affirm the trial court's dismissal of the Perrys' claim under N.C. Gen. Stat. § 45–36.9 because it fails to state a claim on which relief can be granted.

**Facts and Procedural History**

On 17 December 2014, Plaintiffs Donald Wayne Perry, Sr. and Patsy K. Perry sued Defendant Bank of America, N.A. The Perrys' complaint, as amended, asserted claims for declaratory judgment, violation of N.C. Gen. Stat. § 45–36.9, injury to credit, and punitive damages. The claims arise from two home equity lines of credit that the Perrys obtained from Bank of America or its predecessors.

In 1996, Plaintiffs obtained an equity line loan with a credit limit of $33,100.00 secured by a deed of trust on real property located in Locust, North Carolina. In 2003, the Perrys used a mortgage loan to pay off the balance on the 1996 equity line. In 2007, the Perrys obtained a second home equity line of credit with a credit limit of

$124,000.00 secured by a deed of trust on real property located in Charlotte, North Carolina.

In 2014, the Perrys received a notice from Bank of America that the 1996 equity line was delinquent with an outstanding balance of $19,451.27. The Perrys also discovered that there was a balance owed on the 2007 line of credit in excess of the $124,000 limit. According to the complaint, the Perrys believed the 1996 line of credit had been cancelled when they paid off the balance using the proceeds of their mortgage loan in 2003. The Perrys also alleged that the balances on both lines of credit were incurred through fraud by their son, who was not authorized to withdraw funds from the lines of credit. Finally, the Perrys alleged that they demanded that Bank of America cancel the deeds of trust securing the lines of credit because they owed no balance on either account but the bank refused to do so.

On 23 September 2015, Bank of America moved to dismiss the Perrys' amended complaint. After a hearing, the trial court granted the bank's motion and dismissed all claims in the amended complaint.[1] The Perrys timely appealed.

---

[1] In this appeal, the Perrys do not challenge the dismissal of their claim for injury to credit and their request for punitive damages, and thus any issues concerning those portions of the trial court's order are abandoned. *See* N.C. R. App. P. 28(b)(6).

## Analysis

## I.    Dismissal of Declaratory Judgment Claim

The Perrys first argue that the trial court erred in dismissing their claim for declaratory judgment. As explained below, in light of the only argument Bank of America asserts on appeal, we agree that the trial court erred by dismissing this claim.

As a general principle, the North Carolina Uniform Declaratory Judgment Act permits a litigant to seek a declaration of the rights or obligations of parties to a written contract when there is some dispute among the parties concerning those respective rights or obligations:

> Any person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise, and obtain a declaration of rights, status, or other legal relations thereunder. A contract may be construed either before or after there has been a breach thereof.

N.C. Gen. Stat. § 1–254.

Here, the Perrys allege that they have home equity lines of credit with Bank of America, that Bank of America informed them that they are in default for failure to make required payments on those lines of credit, and that the Perrys believe they

are not obligated to pay the balances on those lines of credit because the balances were procured by fraud.

On appeal, Bank of America does not contend that the Perrys cannot succeed on the merits of their request for declaratory relief. Instead, the bank contends that the Perrys failed to allege "any actual, genuine controversy" and thus the trial court properly dismissed the claim. Specifically, the bank contends that the Perrys "do not seek construction or interpretation of any contract here, instead merely asking the trial court to resolve purported issues of fact regarding the balances on the account."

We agree with Bank of America that resolving a dispute over the balance in a bank account, or the amount due on a loan, is not the type of controversy that can be resolved using the Declaratory Judgment Act. The Act exists to permits courts "to declare rights, status, and other legal relations," not to serve as arbiters of routine fact disputes that arise in people's dealings with one another. N.C. Gen. Stat. § 1–253.

But to say that the Perrys seek only a declaration of what they owe the bank would mischaracterize their claim for relief. The Perrys allege that they are not legally obligated to pay the balances on the lines of credit because those balances were procedure by fraud. They further allege that the bank believes they must pay and has threatened to act on their purported default.

As the Georgia Court of Appeals succinctly explained, "the object of the declaratory judgment is to permit determination of a controversy before obligations are repudiated or rights are violated." *Watts v. Promina Gwinnett Health Sys., Inc.*, 242 Ga. App. 377, 381, 530 S.E.2d 14, 18 (2000). Declaratory relief serves "to permit one who is walking in the dark to ascertain where he is and where he is going, to turn on the light before he steps rather than after he has stepped in a hole." *Id.*

That is precisely what the Perrys seek to do here. They contend that they have no legal obligation to repay the loans because the balance was procured through fraud, and they seek a declaration of that legal obligation so that they can know now whether they must repay the loans—without having to wait for the bank to foreclose on their home when they refuse to pay. This is an actual, genuine controversy concerning the parties' respective legal rights and obligations under the contracts governing the lines of credit. *Goldston v. State*, 361 N.C. 26, 37, 637 S.E.2d 876, 883 (2006).

To be sure, Bank of America also argues that the Perrys failed to provide any "legal authority" to support their argument that they are not obligated to pay the balance on their credit lines. But on appeal (and, from the record before us, in the trial court as well) Bank of America never provided any legal authority on this issue either. If the bank had shown that, as a matter of law, the Perrys still would be obligated to repay the line of credit even if the balance was the result of fraud by their

- 6 -

son, we readily could affirm the trial court's dismissal on this alternative ground. *See State v. Austin*, 320 N.C. 276, 290, 357 S.E.2d 641, 650 (1987). But we are unwilling to address this issue on our own without the benefit of briefing by the parties. "The premise of our adversarial system is that appellate courts do not sit as self-directed boards of legal inquiry and research, but essentially as arbiters of legal questions presented and argued by the parties before them." *Carducci v. Regan*, 714 F.2d 171, 177 (D.C. Cir. 1983). Because neither party addressed this legal issue—either on appeal or in the trial court—we decline to address it as well.

Bank of America also contends that the trial court had discretion to decline to hear the Perrys' request for declaratory judgment. The bank asserts that the trial court's dismissal was simply an exercise of this discretion. But a trial court's discretion to decline a request for declaratory relief has been limited by our Supreme Court. As the Supreme Court explained in *Augur v. Augur*, the Declaratory Judgment Act "permits a trial court, in the exercise of its discretion, to decline a request for declaratory relief when (1) the requested declaration will serve no useful purpose in clarifying or settling the legal relations at issue; or (2) the requested declaration will not terminate or afford relief from the uncertainty, insecurity, or controversy giving rise to the proceeding." 356 N.C. 582, 588–89, 573 S.E.2d 125, 130 (2002). For the reasons discussed above, neither of these two criteria are satisfied here. If the trial court entered the requested declaration, it would settle a legal

dispute—whether the Perrys are required by the contract to pay the balance on their lines of credit despite their allegations of fraud—and it would afford the Perrys relief from the uncertainty and controversy surrounding their purported default on those lines of credit.

In short, we are constrained to reverse the trial court's dismissal of this claim. The Perrys alleged more than a "mere difference of opinion between the parties, without any practical bearing on any contemplated action." *Calton v. Calton*, 118 N.C. App. 439, 442, 456 S.E.2d. 520, 522 (1995). They alleged an actual dispute over whether they are obligated to pay balances on lines of credit which they contend are the result of fraud.

Of course, our holding does not mean that the Perrys are likely to succeed on this claim or that the trial court cannot dismiss the claim on other grounds on remand. We merely reject the argument that this claim is not suitable for resolution under the Declaratory Judgment Act—the sole basis on which the bank defended the trial court's ruling on appeal.

## II.    Dismissal of N.C. Gen. Stat. § 45–36.9 Claim

The Perrys next contend that the trial court erred in dismissing their claim for violation of N.C. Gen. Stat. § 45–36.9. We disagree.

Section 45–36.9 permits a debtor to seek statutory damages, attorneys' fees, and court costs if a creditor fails to record a satisfaction when required to do so. To

state a claim under N.C. Gen. Stat. § 45–36.9 with respect to a line of credit, the plaintiff must allege that the line of credit was paid in full *and* that the plaintiff notified the creditor that it requested termination:

> A secured creditor shall submit for recording a satisfaction of a security instrument within 30 days after the creditor receives full payment or performance of the secured obligation. *If a security instrument secures a line of credit or future advances, the secured obligation is fully performed only if, in addition to full payment, the secured creditor has received (i) a notification requesting the creditor to terminate the line of credit,* (ii) a credit suspension directive, or (iii) a notification containing a clear and unambiguous statement sufficient to terminate the effectiveness of the provision for future advances in the security instrument including, but not limited to, a request to terminate an equity line of credit given pursuant to G.S. 45–82.2 or a notice regarding future advances given pursuant to 45–82.3.

N.C. Gen. Stat. § 45–36.9(a) (emphasis added).

Here, the complaint alleges that the accounts at issue were lines of credit. But the complaint, on its face, fails to allege any point at which the line of credit had a zero balance *and* the Perrys requested that the bank record a satisfaction under section 45–36.9. The complaint alleges that the accounts had a zero balance in 2003, but does not allege that the Perrys notified the bank to cancel the security instrument at that time. Likewise, the complaint alleges that the Perrys requested cancelation of the security instrument in September 2014. But by that time, according to the complaint, the account had a balance of $19,451.27. Thus, the Perrys' complaint fails

to state a claim on which relief could be granted under section 45–36.9, and the trial court properly dismissed that claim.

## Conclusion

For the reasons discussed above, we affirm the portion of the trial court's order dismissing the Perrys' claim under N.C. Gen. Stat. § 45–36.9. We reverse the portion of the trial court's order dismissing the Perrys' claim under the North Carolina Uniform Declaratory Judgment Act.

AFFIRMED IN PART; REVERSED IN PART AND REMANDED.

Judges HUNTER, JR. and McCULLOUGH concur.